UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

COREY ANDREW KUCSERA,

               Plaintiff,

v.

HEIDI WASHINGTON et al.,

               Defendant.

_____/

Case No. 1:25-cv-1309

Honorable Ray Kent

## **OPINION**

This is a civil rights action brought by a state prisoner under 42 U.S.C. § 1983. The Court has granted Plaintiff leave to proceed *in forma pauperis* in a separate order. Pursuant to 28 U.S.C. § 636(c) and Rule 73 of the Federal Rules of Civil Procedure, Plaintiff consented to proceed in all matters in this action under the jurisdiction of a United States Magistrate Judge. (ECF No. 1.)

This case is presently before the Court for preliminary review under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996) (PLRA), pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c). The Court is required to conduct this initial review prior to the service of the complaint. *See In re Prison Litig. Reform Act*, 105 F.3d 1131, 1131, 1134 (6th Cir. 1997); *McGore v. Wrigglesworth*, 114 F.3d 601, 604–05 (6th Cir. 1997). Service of the complaint on the named defendants is of particular significance in defining a putative defendant's relationship to the proceedings.

"An individual or entity named as a defendant is not obliged to engage in litigation unless notified of the action, and brought under a court's authority, by formal process." *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347 (1999). "Service of process, under

longstanding tradition in our system of justice, is fundamental to any procedural imposition on a named defendant." *Id.* at 350. "[O]ne becomes a party officially, and is required to take action in that capacity, only upon service of a summons or other authority-asserting measure stating the time within which the party served must appear and defend." *Id.* (citations omitted). That is, "[u]nless a named defendant agrees to waive service, the summons continues to function as the *sine qua non* directing an individual or entity to participate in a civil action or forgo procedural or substantive rights." *Id.* at 351. Therefore, the PLRA, by requiring courts to review and even resolve a plaintiff's claims before service, creates a circumstance where there may only be one party to the proceeding—the plaintiff—at the district court level and on appeal. *See, e.g., Conway v. Fayette Cnty. Gov't*, 212 F. App'x 418 (6th Cir. 2007) ("Pursuant to 28 U.S.C. § 1915A, the district court screened the complaint and dismissed it without prejudice before service was made upon any of the defendants . . . [such that] . . . only [the plaintiff] [wa]s a party to this appeal.").

Here, Plaintiff has consented to a United States Magistrate Judge conducting all proceedings in this case under 28 U.S.C. § 636(c). That statute provides that "[u]pon the consent of the parties, a full-time United States magistrate judge . . . may conduct any or all proceedings . . . and order the entry of judgment in the case . . . ." 28 U.S.C. § 636(c). Because the named Defendants have not yet been served, the undersigned concludes that they are not presently parties whose consent is required to permit the undersigned to conduct a preliminary review under the PLRA, in the same way they are not parties who will be served with or given notice of this opinion. *See Neals v. Norwood*, 59 F.3d 530, 532 (5th Cir. 1995) ("The record does not contain a

consent from the defendants[; h]owever, because they had not been served, they were not parties to this action at the time the magistrate entered judgment.").[1]

Under the PLRA, the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's complaint for failure to state a claim upon which relief can be granted.

## Discussion

### I.    Factual Allegations

Plaintiff is presently incarcerated with the Michigan Department of Corrections (MDOC) at the St. Louis Correctional Facility (SLF) in St. Louis, Gratiot County, Michigan. The events about which he complains occurred at the Carson City Correctional Facility (DRF) in Carson City, Montcalm County, Michigan. Plaintiff sues MDOC Director Heidi Washington, DRF Warden Randee Rewerts, and DRF Registered Nurse Unknown Wuest. (Compl., ECF No. 1, PageID.1–2.)

---

[1] *But see Coleman v. Lab. & Indus. Rev. Comm'n of Wis.*, 860 F.3d 461, 471 (7th Cir. 2017) (concluding that, when determining which parties are required to consent to proceed before a United States Magistrate Judge under 28 U.S.C. § 636(c), "context matters" and the context the United States Supreme Court considered in *Murphy Bros.* was nothing like the context of a screening dismissal pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c)); *Williams v. King*, 875 F.3d 500, 503–04 (9th Cir. 2017) (relying on Black's Law Dictionary for the definition of "parties" and not addressing *Murphy Bros.*); *Burton v. Schamp*, 25 F.4th 198, 207 n.26 (3d Cir. 2022) (premising its discussion of "the term 'parties' solely in relation to its meaning in Section 636(c)(1), and . . . not tak[ing] an opinion on the meaning of 'parties' in other contexts").

In Plaintiff's complaint, Plaintiff alleges that in March 2024, he sent a medical kite to prison staff regarding his ear infection. (*Id.*, PageID.3.) Plaintiff claims that "[a]fter weeks of waiting," he was seen by Defendant Nurse Wuest. (*Id.*) Plaintiff asserts that his hearing was damaged by waiting from March 2024, when he sent his original medical kite, to his appointment with Defendant Wuest "weeks" later, and that as a result of this delay, he has "constant ringing in [his] left ear and loss of hearing in it." (*Id.*)

At the appointment with Defendant Wuest, Defendant Wuest told Plaintiff that the ear infection had cleared. (*Id.*) Plaintiff states that Defendant Wuest told him to "wait 5 or 6 months before returning a kite to see if it heals itself." (*Id.*)

Plaintiff alleges that after six months had passed, his left ear continued to hurt and ring, and he had diminished hearing. (*Id.*) Plaintiff states he was given "a blood pressure medication to see if it clears the ringing (tinnitus) and it hasn't worked." (*Id.*) Plaintiff claims this was "a deliberate indifference to [his] medical treatment and a disregard to [his] health and safety." (*Id.*)

Based on the foregoing allegations, the Court construes Plaintiff's complaint to raise Eighth Amendment claims regarding inadequate medical care. As relief, Plaintiff requests the involved prison employees be fired, and he seeks monetary damages. (*Id.*, PageID.4.)

## II.    Failure to State a Claim

A complaint may be dismissed for failure to state a claim under Rule 8 if it fails to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Id.*; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough

facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—that the pleader is entitled to relief." *Id*. at 679 (quoting Fed. R. Civ. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(ii)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

### A. Defendants Washington and Rewerts

Plaintiff names MDOC Director Washington and DRF Warden Rewerts as Defendants; however, Plaintiff fails to allege any facts showing how Defendants Washington and Rewerts were personally involved in the alleged violation of his constitutional rights. (*See* Compl., ECF No. 1.)

It is a basic pleading essential that a plaintiff attribute factual allegations to particular defendants. *See Twombly*, 550 U.S. at 555–61 (holding that, in order to state a claim, a plaintiff

5

must make sufficient allegations to give a defendant fair notice of the claim). Where a person is named as a defendant without an allegation of specific conduct, the complaint is subject to dismissal, even under the liberal construction afforded to *pro se* complaints. *See Gilmore v. Corr. Corp. of Am.*, 92 F. App'x 188, 190 (6th Cir. 2004) (dismissing complaint where plaintiff failed to allege how any named defendant was involved in the violation of his rights); *Frazier v. Michigan*, 41 F. App'x 762, 764 (6th Cir. 2002) (dismissing plaintiff's claims where the complaint did not allege with any degree of specificity which of the named defendants were personally involved in or responsible for each alleged violation of rights).

Here, Plaintiff does not name Defendants Washington and Rewerts in the body of the complaint.[2] (*See* Compl., ECF No. 1.)  The United States Court of Appeals for the Sixth Circuit "has consistently held that damage claims against government officials arising from alleged violations of constitutional rights must allege, with particularity, facts that demonstrate what each defendant did to violate the asserted constitutional right." *Heyne v. Metro. Nashville Pub. Sch.*, 655 F.3d 556, 564 (6th Cir. 2011) (quoting *Lanman v. Hinson*, 529 F.3d 673, 684 (6th Cir. 2008)). While Plaintiff names Defendant Wuest in the body of the complaint, he does not name Defendants Washington and Rewerts at all. The Court will not infer that they are liable for the alleged violation of Plaintiff's Eighth Amendment rights. Therefore, Plaintiff's claims against Defendants Washington and Rewerts fall short of the minimal pleading standards under Rule 8 of the Federal Rules of Civil Procedure and are subject to dismissal. Fed. R. Civ. P. 8(a)(2).

Moreover, to the extent that Plaintiff seeks to hold Defendants Washington and Rewerts liable due to their supervisory positions, government officials may not be held liable for the

---

[2] The Court notes that in the complaint, Plaintiff alleges that he waited weeks to be seen by medical staff. But Plaintiff does not attribute any unconstitutional conduct to Defendants Washington and Rewerts. (*See* Compl., ECF No. 1, PageID.3.)

unconstitutional conduct of their subordinates under a theory of respondeat superior or vicarious liability. *Iqbal*, 556 U.S. at 676; *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978); *Everson v. Leis*, 556 F.3d 484, 495 (6th Cir. 2009). A claimed constitutional violation must be based upon active unconstitutional behavior. *Grinter v. Knight*, 532 F.3d 567, 575–76 (6th Cir. 2008); *Greene v. Barber*, 310 F.3d 889, 899 (6th Cir. 2002). The acts of one's subordinates are not enough, nor can supervisory liability be based upon the mere failure to act. *Grinter*, 532 F.3d at 576; *Greene*, 310 F.3d at 899; *Summers v. Leis*, 368 F.3d 881, 888 (6th Cir. 2004).

The United States Court of Appeals for the Sixth Circuit has repeatedly summarized the minimum required to constitute active conduct by a supervisory official:

> "[A] supervisory official's failure to supervise, control or train the offending individual is not actionable *unless* the supervisor either encouraged the specific incident of misconduct or in some other way directly participated in it." *Shehee*, 199 F.3d at 300 (emphasis added) (internal quotation marks omitted). We have interpreted this standard to mean that "at a minimum," the plaintiff must show that the defendant "at least implicitly authorized, approved, or knowingly acquiesced in the unconstitutional conduct of the offending officers."

*Peatross v. City of Memphis*, 818 F.3d 233, 242 (6th Cir. 2016) (quoting *Shehee*, 199 F.3d at 300); *see also Copeland v. Machulis*, 57 F.3d 476, 481 (6th Cir. 1995); *Walton v. City of Southfield*, 995 F.2d 1331, 1340 (6th Cir. 1993).

Here, Plaintiff fails to allege any facts showing that Defendants Washington and Rewerts encouraged or condoned any conduct of their subordinates, or authorized, approved, or knowingly acquiesced in their conduct.

Accordingly, for the reasons set forth above, Plaintiff's claims against Defendants Washington and Rewerts are properly dismissed for failure to state a claim.

## B.    Defendant Wuest

Defendant Wuest, identified by Plaintiff as a registered nurse, is the only Defendant identified by name in the body of the complaint. (*See* Compl., ECF No. 1, PageID.3.) Plaintiff

states that he waited weeks to be seen by medical staff after writing a medical kite alerting prison staff of his ear infection, and that his hearing "was damaged from the wait." (*See id.*) When Plaintiff was seen by medical staff, Defendant Wuest told Plaintiff that his ear infection had cleared and to wait five to six months before sending another kite "to see if it heals itself." (*Id.*) Plaintiff also asserts that, after six months had passed, he was given blood pressure medication to treat the tinnitus, but it did not work. (*Id.*) Plaintiff does not indicate from whom he received the blood pressure medication. (*See id.*)

In order for a prisoner to state an Eighth Amendment claim, the prisoner must show that he faced a sufficiently serious risk to his health or safety and that defendants acted with "'deliberate indifference' to inmate health or safety." *Mingus v. Butler*, 591 F.3d 474, 479–80 (6th Cir. 2010) (citing *Farmer v. Brennan*, 511 U.S. 825, 834 (1994)). The deliberate-indifference standard includes both objective and subjective components. *Farmer*, 511 U.S. at 834. To satisfy the objective component, the plaintiff must allege that the medical need at issue is sufficiently serious. *Id.* The subjective component requires an inmate to show that prison officials have "a sufficiently culpable state of mind" in denying medical care. *Brown v. Bargery*, 207 F.3d 863, 867 (6th Cir. 2000). Deliberate indifference "entails something more than mere negligence," but can be "satisfied by something less than acts or omissions for the very purpose of causing harm or with knowledge that harm will result." *Farmer*, 511 U.S. at 835. "[T]he official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 837.

However, not every claim by a prisoner that he has received inadequate medical treatment states a violation of the Eighth Amendment. *Estelle v. Gamble*, 429 U.S. 97, 105 (1976). An inadvertent failure to provide adequate medical care cannot constitute a violation of the Eighth

Amendment. *Estelle v. Gamble*, 429 U.S. 97, 105–106 (1976). As the United States Supreme Court explained:

> [A] complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner. In order to state a cognizable claim, a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs.

*Id.* at 106 (quotations omitted). Thus, differences in judgment between an inmate and prison medical personnel regarding the appropriate medical diagnoses or treatment are not enough to state a deliberate indifference claim. *Darrah v. Krisher*, 865 F.3d 361, 372 (6th Cir. 2017); *Briggs v. Westcomb*, 801 F. App'x 956, 959 (6th Cir. 2020); *Mitchell v. Hininger*, 553 F. App'x 602, 605 (6th Cir. 2014). This is so even if the misdiagnosis results in an inadequate course of treatment and considerable suffering. *Gabehart v. Chapleau*, No. 96-5050, 1997 WL 160322, at *2 (6th Cir. Apr. 4, 1997). Further, "the right to adequate medical care does not encompass the right to be diagnosed correctly[.]" *Johnson v. Karnes*, 398 F.3d 868, 874 (6th Cir. 2005) (citation omitted). But if prison officials "have been alerted to a prisoner's serious medical needs," they are "under an obligation to offer medical care to such a prisoner." *Id.* (citation omitted).

As explained below, applying these standards, Plaintiff's claims against Defendant Wuest do not show a deliberate indifference to Plaintiff's health and safety. Plaintiff asserts that he submitted a medical kite regarding his ear infection in March 2024, and he waited "weeks" before he was seen by medical staff. (Compl., ECF No. 1, PageID.3.) According to Plaintiff, this delay in examination and treatment caused hearing loss and ringing, or tinnitus, in his left ear. (*Id.*) At this stage of the proceedings, the Court assumes that Plaintiff's hearing loss constitutes a serious medical issue, *see Gilmore v. Hodges*, 738, F.3d 266, 281 (11th Cir. 2013); however Plaintiff has

9

failed to show that Defendant Wuest denied medical care to Plaintiff or otherwise disregarded his ear infection, *see Farmer*, 511 U.S. at 837.

Plaintiff first claims that the delay in waiting to see medical staff after he submitted his March 2024 medical kite caused his hearing loss and tinnitus. However, Plaintiff does not allege that Defendant Wuest was responsible for the delay in care. Indeed, Plaintiff alleges no facts to suggest that Defendant Wuest had any knowledge of Plaintiff's March 2024 kite. Under these circumstances, Plaintiff necessarily fails to show that Defendant Wuest had any knowledge of, let alone involvement in, the delay in Plaintiff's receipt of medical care after he submitted a medical kite in March 2024. Therefore, under these circumstances, Defendant Wuest cannot be held responsible for the pain and hearing loss Plaintiff suffered before he was seen by medical staff. *See Iqbal*, 556 U.S. at 676 ("[A] plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution.").

Next, Plaintiff alleges that at his appointment with Defendant Wuest, Defendant Wuest told Plaintiff that his ear infection had cleared and to wait five to six months before sending another kite "to see if it heals itself." (Compl., ECF No. 1, PageID.3.) Plaintiff alleges that after six months, his "left ear still hurt and rang with the lack of hearing [he] use[d] to have." (*Id.*) Plaintiff then states that at an unspecified time, he "was giv[e]n a blood pressure medication to see if it clears the ringing (tinnitus) and it hasn't worked." (*Id.*)

It is clear from Plaintiff's complaint that he disagreed with Defendant Wuest's assessment that his ear infection had cleared and her treatment decision, which consisted of Wuest advising Plaintiff to wait "to see if it heals itself"; however, "a patient's disagreement with his physicians over the proper course of treatment alleges, at most, a medical-malpractice claim, which is not cognizable under § 1983." *Darrah*, 865 F.3d at 372 (citations omitted); *Mitchell*, 553 F. App'x at

10

605. At most, Plaintiff's allegations may suggest that Defendant Wuest was negligent when she made her treatment determination and advised Plaintiff to wait "to see if it heals itself", but mere negligence does not rise to the level of deliberate indifference under the Eighth Amendment. *See Estelle*, 429 U.S. at 106.

Finally, as to Plaintiff's allegation that at an unspecified time, he "was giv[e]n a blood pressure medication to see if it clears the ringing (tinnitus) and it hasn't worked" (Compl., ECF No. 1, PageID.3), Plaintiff alleges no facts to show that Defendant Wuest prescribed this medication. Furthermore, even if Defendant Wuest prescribed this medication, this allegation shows that Defendant Wuest was responsive to Plaintiff's medical needs by looking into different treatment options to address his ringing ears. The fact that this treatment did not resolve Plaintiff's ringing ears does not show that Defendant Wuest was deliberately indifferent to Plaintiff's medical needs. As discussed above, Plaintiff's disagreements with Defendant Wuest's treatment decisions are insufficient to state an Eighth Amendment claim.

Accordingly, for these reasons, Plaintiff has failed to state an Eighth Amendment medical care claim against Defendant Wuest, and his complaint will be dismissed without prejudice.

### Conclusion

Having conducted the review required by the Prison Litigation Reform Act, the Court determines that Plaintiff's complaint will be dismissed without prejudice for failure to state a claim under 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c). The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997), *overruled on other grounds*, *Jones v. Bock*, 549 U.S. 199, 211–212 (2007). For the same reasons the Court concludes that Plaintiff's claims are properly dismissed, the Court also concludes that any issue Plaintiff

might raise on appeal would be frivolous. *Coppedge v. United States*, 369 U.S. 438, 445 (1962).

Accordingly, the Court certifies that an appeal would not be taken in good faith.

A judgment consistent with this opinion will be entered.

Dated:    May 27, 2026                          /s/ Ray Kent
                                                Ray Kent
                                                United States Magistrate Judge